UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOSHUA MARK JOHNSON , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-0357 WL |
| | ) | |
| DEKALB COUNTY SHERIFF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Joshua Johnson, a prisoner currently housed at the Westville Correctional

Facility, filed a complaint pursuant to 42 U.S.C. § 1983, alleging violation of his federally

protected rights while he was confined at the DeKalb County Jail as a pretrial detainee.

The defendants are the DeKalb County Sheriff and Custody Lieutenant Simmons.

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner

complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a

complaint, or any portion of a complaint, for failure to state a claim upon which relief

can be granted. Courts apply the same standard under § 1915A as when addressing a

motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

"Dismissal is appropriate only when it appears beyond doubt that the plaintiff can

prove no set of facts that would entitle him to relief." *Id.*

Johnson alleges that the defendants violated his "US and Indiana Constitutional rights," DE 1 at 3, while he was at the DeKalb County Jail. According to the complaint, when Johnson arrived at the jail as a pretrial detainee, "Lt Simmons told the officer to put me in lockup without me getting into trouble because he didn't want me in his [cell] blocks." DE 1 at 3. He also alleges that Lieutenant Simmons did not let him "wear underwear under the jail uniform." DE 1 at 3.

Johnson brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution or laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Johnson's allegation that the defendants violated rights protected by the Indiana Constitution states no claim upon which relief can be granted in this case.

Johnson was a pretrial detainee while he was at the DeKalb County Jail. DE 1 at 1. He alleges that Lieutenant Simmons ordered him placed in lockup even though he had not gotten into trouble at the jail. As a pretrial detainee, the Fourteenth Amendment's due process clause entitled Johnson to due process before being punished. *Whitford v. Boglino*, 63 F.3d 527, 531 n.4 (7th Cir. 1995). Not every restriction

imposed on a pre-trial detainee, however, constitutes punishment. For example, the segregation of a pre-trial detainee for legitimate security reasons without a hearing does not violate the due process clause. *Zarnes v. Rhodes,* 64 F.3d 285, 291 & n. 5 (7th Cir. 1995); *Zimmerman v. Tippecanoe Sheriff's Department*, 25 F.Supp.2d 915, 921 (N.D. Ind. 1998) (holding a pre-trial detainee in administrative segregation where the segregation unit was more secure and the sheriff believed that the inmate constituted a security risk did not violate the due process clause). But giving Johnson the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his claim that Lieutenant Simmons punished him without due process by having him placed in lockup.

Johnson also alleges that defendant Simmons did not let him wear underwear under his jail uniform. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Id.* at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d at 1457. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to

the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

There is "a *de minimis* level of imposition with which the Constitution is not concerned," *Ingraham v. Wright*, 430 U.S. 651, 674 (1977), and while Johnson may have found not wearing underwear to be unpleasant or even uncomfortable, it falls far short of denying him the minimal civilized measure of life's necessities, and he does not allege that he suffered any actual harm. Conditions that merely cause inconvenience and discomfort or make confinement unpleasant do not rise to the level of constitutional violations. *Adams v. Pate*, 445 F.2d at 108-109; *Del Raine v. Williford*, 32 F.3d 1024, 1050 (7th Cir. 1994) (Manion, J. concurring).

In addition to Lieutenant Simmons, Johnson names the DeKalb County Sheriff as a defendant. But he does not allege that the sheriff had any personal involvement in the decision to place him in a lock up unit. Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A person cannot be held liable for damages under § 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the

plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985).

"[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

     (1) GRANTS the plaintiff leave to proceed against defendant Simmons for damages in his personal capacity for damages on his Fourteenth Amendment due process claim that defendant Simmons punished him without due process;

     (2) DISMISSES all other defendants and claims pursuant to 28 U.S.C. § 1915A;

     (3) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that defendant Simmons respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

     (4) DIRECTS the marshals service to effect service of process on defendant Simmons, and DIRECTS the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint.

     SO ORDERED.

     DATED: December 13, 2010

                       s/William C. Lee
                       William C.  Lee, Judge
                       United States District Court