UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JOSHUA MARK JOHNSON, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:10-cv-357 |
| | ) |
| LT. SIMMONS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

In this 42 U.S.C. § 1983 case, Defendant Lt. Simmons filed a motion for summary judgment on May 2, 2011, and issued to *pro se* Plaintiff Joshua Johnson on May 17, 2011, a notice of the motion in accordance with Local Rule 56.1(f).[1] (Docket # 26, 29.) The Court on its own motion afforded Johnson an extension of time (Docket # 30), but he still has failed to file a response. In accordance with the warning issued to Johnson in the Court's July 11, 2011, Order (Docket # 30), the Court deems that Johnson has abandoned his case and will show it DISMISSED. Moreover, because Johnson's failure to respond causes Lt. Simmons's proposed findings of fact to be deemed admitted, summary judgment will be GRANTED on the additional basis that Johnson failed to exhaust his administrative remedies.

### A. *Summary of Procedural Background*

On October 14, 2010, Johnson, who was an inmate at the Allen County Jail at the time, filed this § 1983 action against Lt. Simmons and the "Dekalb County Sheriff/Jail", alleging that his constitutional rights were violated while he was a pretrial detainee at the Dekalb County Jail

---

[1] Subject matter jurisdiction arises under 28 U.S.C. § 1331. Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting. (Docket # 24.)

when he was allegedly not allowed to wear underwear and was placed in lockup without cause. (Docket # 1.) After screening his complaint in accordance with 28 U.S.C. § 1915A(a), the Court granted Johnson leave to proceed against Lt. Simmons on his Fourteenth Amendment claim that he was punished without due process, but dismissed all other claims and Defendants. (Docket # 7.)

A scheduling conference was conducted on March 14, 2011, at which a discovery deadline of August 1, 2011, and a dispositive motion deadline of September 1, 2011, were established. (Docket # 23.) However, on March 23, 2011, the Court vacated its prior scheduling order, stayed all discovery, and entered a new scheduling order, stating that in accordance with the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a), one dispositive motion based on Johnson's failure to exhaust administrative remedies could be filed on or before May 2, 2011. (Docket # 25.)

On May 2, 2011, Lt. Simmons filed the motion for summary judgment and on May 17, 2011, issued Johnson a Local Rule 56.1 notice. (Docket # 26, 29.) The Court then granted Johnson up to and including July 1, 2011, to file a response to Lt. Simmons's summary judgment motion. (Tr. 28.) On July 11, 2011, the Court observed that Johnson had missed the July 1 deadline and therefore had apparently abandoned the case. (Docket # 30.) Nevertheless, the Court on its own motion afforded Johnson one final extension until July 25, 2011, warning him that if he failed to file a response by such date the Court would deem his case abandoned and show it dismissed. (Docket # 30.)

### B. Dismissal of Case

The July 25, 2011, deadline has now come and gone, and Johnson still has not filed a

response to Lt. Simmons's summary judgment motion. Therefore, in accordance with this Court's July 11, 2011, Order, the Court deems that Johnson has abandoned his case and directs the Clerk to show it DISMISSED. *See, e.g.*, *Echemendia v. Gene B. Glick Mgmt. Corp.*, 263 Fed. Appx. 479, 482 (7th Cir. 2008) (noting that *pro se* plaintiff had forfeited her claims by failing to respond to defendants' motion for summary judgment and that summary judgment could be affirmed "[o]n this basis alone") (unpublished); *see generally Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 n.2 (7th Cir. 1996) (concluding that plaintiff had abandoned claim after failing to respond to defendant's arguments concerning such claim in its summary judgment motion); *Kowalczyk v. Walgreen Co.*, No. 03 C 8335, 2005 WL 1176599, at *11 (N.D. Ill. May 17, 2005) (collecting cases).

Furthermore, because Johnson failed to respond to the summary judgment motion, the facts as articulated by Lt. Simmons are admitted to exist without controversy. *Bradley v. Wok*, 154 F.3d 704, 707-08 (7th Cir. 1998); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994); *Selan v. Kiley*, 969 F.2d 560, 566 n.8 (7th Cir. 1992) ("[T]he only acts relevant to our review are those that [the plaintiff] brought to the district court's attention—by reference to specific facts in affidavits, depositions, answers to interrogatories or admissions—in response to the defendants' motion for summary judgment."). In that regard, Johnson concedes in his complaint that the DeKalb County Jail had a prisoner grievance system in place at the time of his incarceration (Docket # 1), and Lt. Simmons articulates in his statement of material facts and supporting affidavit that Johnson never filed a grievance with any administrator of the Jail during his incarceration. (Def.'s Mem. 3; Simmons Aff. ¶¶ 11, 12.)

Therefore, since the fact that Johnson failed to file a grievance during his incarceration at

the Jail is deemed admitted without controversy, summary judgment is GRANTED on the additional basis that Johnson failed to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Jones v. Bock*, 549 U.S. 199, 204 (2007); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *see generally* N.D. Ind. L.R. 7.1(a) ("Failure to file a response or reply within the time prescribed may subject the motion to summary ruling."); *Wackett v. City of Beaver Dam, Wis.*, 642 F.3d 578, 582-83 n.1 (7th Cir. 2011).

### C. Conclusion

For the foregoing reasons, Defendant's motion for summary judgment (Docket # 26) is GRANTED. The Clerk is directed to enter a judgment in favor of Defendant and against Plaintiff.

The Clerk is to send a copy of this Order to Joshua Mark Johnson at Westville Correctional Facility, 5501 South 1100 West, Westville, IN 46391.

SO ORDERED.

Entered this 2nd day of August, 2011.

/S/ Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge